SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
(702) 252-5002 · (702) 252-5006

Kent F. Larsen, Esq.
Nevada Bar No. 3463
Christopher L. Benner, Esq.
Nevada Bar No. 8963
SMITH LARSEN & WIXOM
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel: (702) 252-5002
Fax: (702) 252-5006
Email: kfl@slwlaw.com
clb@slwlaw.com
Attorneys for Plaintiff, U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America National Association as Successor by Merger to Lasalle Bank National Association as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC Asset-Backed Certificates Series 2005-HE8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC ASSET-BACKED CERTIFICATES SERIES 2005-HE8,

Plaintiff,

v.

LVDG, LLC, a Nevada limited liability company; MOUNTAIN GATE HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation; MOUNTAIN GATE AT SUNRISE MOUNTAIN HOMEOWNERS' ASSOCIATION, a Nevada non-profit corporation; MELINDA HARRIS, an individual, EXCELL HARRIS, an individual,

Defendants.

**CASE NO.: 2:16-cv-02158-RFB-NJK**

**STIPULATION AND ORDER STAYING CASE**

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
(702) 252-5002 · (702) 252-5006

Plaintiff U.S. Bank National Association as Trustee Successor in Interest to Bank of America National Association as Successor by Merger to Lasalle Bank National Association as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC Asset-Backed Certificates Series 2005-HE8 ("U.S. Bank"), by and through its attorney of record, Smith Larsen & Wixom; defendant LVDG, LLC, ("LVDG") by and through its attorney of record Timothy Rhoda of Roger P. Croteau & Associates, Ltd.; and defendant Mountain Gate at Sunrise Mountain Homeowners' Association, by and through its attorney of record Julie Funai of Lipson Neilson Cole Seltzer & Garin, P.C. hereby stipulate as follows:

1. This lawsuit involves a claim for quiet title/declaratory relief and other claims related to a non-judicial homeowner's association foreclosure sale conducted on a Property pursuant to NRS 116.

2. On August 12, 2016, the Ninth Circuit issued its decision on appeal in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1159-60 (9th Cir. 2016) holding that NRS 116 is facially unconstitutional. The Court of Appeals issued its mandate in the appeal on December 14, 2016, vacating and remanding the judgment to the United States District Court, District of Nevada.

3. On January 26, 2017, the Nevada Supreme Court issued its decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Div. of Wells Fargo Bank, N.A.*, 133 Nev. Adv. Op. 5, ___ P.3d ___, 2017 WL 398426 (Nev. Jan. 26, 2017), holding, in direct contrast to *Bourne Valley*, that no state action supported a challenge under the Due Process Clause of the United States Constitution.

4. The parties in *Bourne Valley* and *Saticoy Bay* are seeking review of both decisions in the United States Supreme Court. Bourne Valley's deadline to file its petition for writ of certiorari of the Ninth Circuit's *Bourne Valley* decision is April 3, 2017. *See Bourne Valley Court Trust v. Wells Fargo Bank, NA.*, United States Supreme Court Case No. 16A753. Wells Fargo's deadline to file its petition for writ of certiorari of the Nevada

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
(702) 252-5002 · (702) 252-5006

Supreme Court's *Saticoy Bay* decision is April 25, 2017. Thus, the parties believe that the stay requested herein is appropriate.

5. On February 8, 2017, the Nevada Supreme Court stayed the issuance of the remittitur in *Saticoy Bay* pending the filing of a petition for a writ of certiorari with the United States Supreme Court, and if a petition is filed, the stay of the remittitur will remain in effect until final disposition of the certiorari proceedings before the United States Supreme Court.

6. Since then, several judges in this district have stayed similar cases pending the exhaustion of all appeals before the United States Supreme Court. *E.g., Nationstar Mtg. LLC v. Green Valley S. Owners Assoc*., No. 2:16-cv-00883-GMN-GWF; *Bank of America, N.A. v. Canyon Willow Trop Owners' Assoc*., No. 2:16-cv-01327-GMN-VCF (D. Nev. Oct. 26, 2016); *Deutsche Bank Nat'l Trust Co. v. Copper Sands HOA*, No. 2:16-cv-00763-JAD-CWH (D. Nev. Feb. 28, 2017); *Ditech Financial Services, LLC v. Highland Ranch Homeowners Assoc*., No. 3:16-cv-00194-MMD-WGC (D. Nev. Mar. 7, 2017); *Wells Fargo Bank, N.A. v. Las Vegas Dev. Group, LLC,* 2:16-cv-02621-RFB-NJK (D. Nev. Mar. 9, 2017).

7. To determine if a continued stay is appropriate, the Court considers (1) damage from the stay; (2) hardship or inequity that befalls one party more than the other; and (3) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors). Here, the factors support a stay of litigation.

a. Damage from Stay: Any damage from a temporary stay in this case will be minimal if balanced against the potential fees, costs, and time which would surely ensue in this matter if litigation were allowed to continue that could be mooted by a decision in *Bourne Valley* certiorari proceedings. Indeed, the parties will be able to avoid the cost and expense of continued legal proceedings in light of what is unsettled law to say the least. Moreover, the Court will be relieved of expending further time and effort until the conflict between the circuit and Nevada Supreme Court is resolved. Thus, a stay will benefit all parties involved herein, as well as the Court.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
(702) 252-5002 · (702) 252-5006

b. Hardship or Inequity: The parties agree that any hardship or inequity falling on any of them is outweighed by the benefits of a stay.

c. Orderly Course of Justice: At the center of this case is a homeowners' association's foreclosure sale under NRS 116. The outcome of the petitions for writ in *Bourne Valley* and/or *Saticoy Bay* have the potential to affirm or overturn either case. Without a stay, the parties will expend resources that will be unnecessary if either or both petitions are granted. A stay would also avoid a likely appeal from any subsequent judgment in this case. A temporary stay would substantially promote the orderly course of justice in this case. A stay will avoid the need for moving forward without final resolution of the federal issues and the state court/federal court conflict.

8. The parties agree that all proceedings in the instant case, including motion and other litigation deadlines, are stayed pending final resolution of the *Bourne Valley* and/or *Saticoy Bay* certiorari proceedings before the United States Supreme Court.

9. Defendant LVDG shall be required to keep current on all property taxes and assessments, HOA dues, and reasonably maintain the property for the duration of the stay.

10. Defendant LVDG shall be prohibited from selling or encumbering the property unless otherwise ordered by the Court.

11. Plaintiff U.S. Bank is prohibited from conducting foreclosure proceedings on the property unless otherwise ordered by the Court.

12. Any party may file a written motion to lift stay at any time for any reason the party determines to be appropriate.

\\\

\\\

\\\

Continued on next page

13. If this stipulation is granted, all pending motions that are not fully briefed as of the date of this stipulation shall be deemed withdrawn and may be re-filed upon expiration of the stay if appropriate. The Court may rule upon any fully briefed motions as it deems appropriate.

DATED this 22nd day of March, 2017.

**SMITH LARSEN & WIXOM**

By: /s/ *Christopher L. Benner*
Kent F. Larsen, Esq. (SBN 3462)
Christopher L. Benner, Esq. (SBN 8963)
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel: (702) 252-5002
Fax: (702) 252-5006
kfl@slwlaw.com
clb@slwlaw.com
*Attorneys for Plaintiff U.S. Bank*

**LIPSON, NIELSON, COLE, SELTZER & GARIN P.C.**

By: /s/ *Kaleb D. Anderson*
Kaleb D. Anderson, Esq. (SBN 7582)
Julie A. Funai, Esq. (SBN 8725)
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
Tel: 702-382-1500
Fax: 702-382-1512
kanderson@lipsonneilson.com
jfunai@lipsonneilson.com
*Attorneys for Defendant Mountain Gate at Sunrise Mountain HOA*

**ROGER P. CROTEAU & ASSOCIATES, LTD.**

By: /s/ *Roger P. Croteau*
Roger P. Croteau, Esq. (SBN 4958)
Timothy Rhoda, Esq. (SBN 7878)
9120 West Post Road Ste 100
Las Vegas, Nevada 89148
Tel: (702) 254-7775
Fax: (702) 228-7719
croteaulaw@croteaulaw.com
*Attorneys for Defendant LVDG, LLC*

**ORDER**

**IT IS SO ORDERED.**

RICHARD F. BOULWARE, II
United States District Judge

DATED: March 29, 2017.

U.S. Bank N.A. v. LVDG, LLC
2:16-cv-02158-RFB-NJK



SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
(702) 252-5002 · (702) 252-5006